## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMIL C. GRAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| CHICAGO POLICE OFFICER JORGE | ) | JURY DEMAND |
| CERDA, STAR NO. 10607; CHICAGO POLICE | ) | |
| OFFICER RYAN DELANEY, STAR NO. 4024; | ) | |
| CHICAGO POLICE OFFICER SERGIO | ) | |
| CORONA, STAR NO. 3331; CHICAGO | ) | |
| POLICE OFFICER M. KUSHINER, STAR | ) | |
| NO. 15895, CHICAGO POLICE OFFICER W. | ) | |
| JOHNSON, STAR NO. 17442; CHICAGO | ) | |
| POLICE OFFICER JAVIER ZAMBRANO, | ) | |
| STAR NO. 5475, individually and as employees/ | ) | |
| Agents of the CITY OF CHICAGO, a municipal | ) | |
| Corporation and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES, JAMIL C. GRAYER, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, JAMIL C. GRAYER, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

**FACTUAL SUMMARY**

5. On April 11, 2011, Plaintiff, GRAYER, was driving a vehicle in the vicinity of 4459 W. Palmer Street when he was pulled over by DEFENDANT OFFICERS DELANEY, CERDA and CORONA.

6. After the Plaintiff pulled over, DEFENDANT OFFICERS DELANEY, CERDA and CORONA violently pulled the Plaintiff out of the driver's side window of his vehicle.

7. Once the Plaintiff was removed from his vehicle, DEFENDANTS DELANEY, CORONA and CERDA beat and tasered the Plaintiff.

8. DEFENDANT OFFICERS DELANEY, CERDA and CORONA detained, seized and arrested the Plaintiff, despite the fact the Defendants did not observe the Plaintiff commit any crimes and the Plaintiff was not in violation of any laws.

9. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO arrived on the scene and assisted DEFENDANT OFFICERS DELANEY, CERDA and CORONA handcuff and illegally strip search the Plaintiff by pulling down his pants down while he was on the ground.

10. Once Plaintiff was handcuffed and his pants were pulled down, DEFENDANT CERDA tasered Plaintiff in his buttocks, while laughing and joking with the other DEFENDANT OFFICERS.

11. On information and belief, DEFENDANT CERDA pushed down on the taser barb in Plaintiff's buttocks with his boot while the Plaintiff was handcuffed on the ground.

12. Plaintiff was transported from the scene via ambulance to Norwegian Hospital in order to remove the taser barb that Defendant CERDA shot and pushed down into the Plaintiff's buttock.

13. In an effort to conceal the misconduct described above, DEFENDANTS DELANEY, CORONA and CERDA wrote false police reports and charged Plaintiff with false criminal acts.

14. On or about January 4, 2012, the Plaintiff was found not guilty of all the felony offenses initiated by the DEFENDANT OFFICRS.

## COUNT I
### (BATTERY)

15. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

3

16. DEFENDANT OFFICERS CERDA, DELANEY and CORONA caused physical injuries to the Plaintiff without any provocation or lawful justification and thereby committed a battery on the Plaintiff.

17. The unlawful conduct of the DEFENDANT OFFICERS was willful and wanton and proximately caused great bodily harm and psychological injuries to the Plaintiff.

## COUNT II
### (EXCESSIVE FORCE)

18. The acts of the DEFENDANT OFFICERS CERDA, DELANEY and CORONA on April 11, 2011, were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

19. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS CERDA, DELANEY and CORONA and failure to intervene by DEFENDANTS KUSHINER, JOHNSON and ZAMBRANO, the Plaintiff suffered physical and emotional injuries and other damages in violation of 42 U.S.C. 1983.

## COUNT III
### (42 U.S.C. § 1983: FALSE ARREST/UNLAWFUL DETENTION)

20. Plaintiff re-alleges and incorporates paragraphs 1-14 as fully stated herein.

21. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

23. As a result of the above-described wrongful infringement of Plaintiff's rights,

Plaintiff suffered damages, including but not limited to mental distress and anguish.

## COUNT IV
## (MALICIOUS PROSECUTION)

24. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

25. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

26. DEFENDANT OFFICERS DELANEY, CORONA and CERDA accused Plaintiff of felony criminal acts knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

27. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

28. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

29. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

30. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT V
### (SECTION 1983 CONSPIRACY CLAIM)

31. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

32. The DEFENDANT OFFICERS conspired to falsely charge the Plaintiff with criminal offenses to cover up their own and each others' misconduct. The DEFENDANT OFFICERS took affirmative acts in furtherance of this conspiracy, including falsifying police reports, initiating false criminal complaints and committing perjury in criminal proceedings.

33. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## COUNT VI
### (FAILURE TO INTERVENE)

34. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

35. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO failed to intervene and prevent injury to Plaintiff.

36. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO had a realistic opportunity to prevent or limit the harm to Plaintiff and failed to take reasonable steps to prevent the harm from occurring to the Plaintiff.

37. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO'S failure to take reasonable steps to prevent harm from occurring to the Plaintiff caused the Plaintiff harm, including, but not limited to, physical pain and suffering and mental stress and anguish.

38. The conduct described in this Count was undertaken by the DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO under the color of law and within the

scope of their employment such that their employer, the City of Chicago, is liable for their actions.

## COUNT VII
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

40. The acts and conduct of CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331, as set forth above were extreme and outrageous. DEFENDANTS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

41. DEFENDANTS' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

## COUNT VIII
### (STATE LAW CLAIM: INDEMNIFICATION)

43. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

44. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

45. DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

### REQUEST FOR RELIEF

46. Plaintiff, JAMIL C. GRAYER, respectfully requests that the Court:

a. Enter judgment in his favor and against Defendants, CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475;

b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475;

c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475;

d. Award punitive damages against CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475 in their individual capacities; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JAMIL C. GRAYER, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive, Suite 2460
Chicago, Illinois 60606
(312) 223-1100