IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIL C. GRAYER, ) | |
| ) | Case No. 12 C 2665 |
| Plaintiff, ) | |
| ) | JUDGE MAROVICH |
| vs ) | |
| ) | Magistrate Judge Brown |
| CHICAGO POLICE OFFICER JORGE CERDA, ) | |
| STAR No. 10607; CHICAGO POLICE OFFICER ) | |
| RYAN DELANEY, Star No. 4024; CHICAGO ) | |
| POLICE OFFICER SERGIO CORONA, Star No. ) | **JURY DEMAND** |
| 3331; CHICAGO POLICE OFFICER M. ) | |
| KUSHINER, Star No. 15895, CHICAGO POLICE ) | |
| OFFICER W. JOHNSON, Star No. 17443; ) | |
| CHICAGO POLICE OFFICER JAVIER ) | |
| ZAMBRANO, Star No. 5475, individually and as ) | |
| employees/Agents of the CITY OF CHICAGO, a ) | |
| municipal Corporation and THE CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS CERDA, DELANEY, CORONA, JOHNSON,
ZAMBRANO, AND THE CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants, Officers Jorge Cerda, Ryan Delaney, Sergio Corona, Warren Johnson, and Javier Zambrano ("Defendant Officers"), by one of their attorneys, Marion C. Moore, Assistant Corporation Counsel of the City of Chicago the City of Chicago, and the City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago (collectively, "Defendants"), for their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand, state as follows:

**INTRODUCTION**

1.  This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**ANSWER**: Defendants admit the allegations of paragraph one.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**ANSWER**: Defendants admit the allegations of paragraph two.

3. Plaintiff, JAMIL C. GRAYER, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three.

4. Defendants, CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331; CHICAGO POLICE OFFICER M. KUSHINER, STAR NO. 15895, CHICAGO POLICE OFFICER W. JOHNSON, STAR NO. 17442; CHICAGO POLICE OFFICER JAVIER ZAMBRANO, STAR NO. 5475, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

**ANSWER**: Defendants admit the allegations of paragraph four.

## FACTUAL SUMMARY

5. On April 11, 2011, Plaintiff, GRAYER, was driving a vehicle in the vicinity of 4459 W. Palmer Street when he was pulled over by DEFENDANT OFFICERS DELANEY, CERDA and CORONA.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago, admit that on April 11, 2011, Plaintiff was pulled over in the vicinity of 4459 W. Palmer Street by Defendant Officers Delaney and Corona, but deny that Plaintiff was pulled over by Defendant Officer Cerda. Defendant Officers and, on information and belief, the City of Chicago further deny the chronology of events as alleged in this paragraph.

6. After the Plaintiff pulled over, DEFENDANT OFFICERS DELANEY, CERDA and CORONA violently pulled the Plaintiff out of the driver's side window of his vehicle.

**ANSWER**: Defendant Officer Delaney and, on information and belief, the City of Chicago admit that Defendant Officer Delaney attempted to pull Plaintiff out of the driver's side window after Plaintiff punched him and grabbed him while Plaintiff's car was still in motion. Defendant Officers Corona and Cerda admit that they observed Defendant Officer Delaney attempting to pull Plaintiff out of Plaintiff's driver's side window, but deny that they pulled Plaintiff out of the driver's side window of Plaintiff's vehicle after Plaintiff pulled over. Defendant Officer Zambrano admits that he observed Defendant Officer Delaney attempting to pull Plaintiff out of Plaintiff's driver's side window, but denies that he observed Defendant Officers Corona and Cerda doing so. Defendant Officer Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six. Defendant Officers and, on information and belief, the City of Chicago deny that Defendant Officers Delaney, Cerda, and Corona acted "violently," and deny and wrongful or illegal conduct.

7. Once the Plaintiff was removed from his vehicle, DEFENDANTS DELANEY, CORONA and CERDA beat and tasered the Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago, admit that Officers Delaney and Cerda deployed their tasers. Defendant Officers and, on information and belief, Defendant City deny the remaining allegations contained in paragraph seven, and deny any wrongful or illegal conduct.

8. DEFENDANT OFFICERS DELANEY, CERDA and CORONA detained, seized and arrested the Plaintiff, despite the fact the Defendants did not observe the Plaintiff commit any crimes and the Plaintiff was not in violation of any laws.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago, admit that Defendant Officers Delaney, Cerda, and Corona detained, seized, and arrested Plaintiff. Defendant Officers and, on information and belief, the City of Chicago deny the remaining allegations contained in paragraph eight, and deny any wrongful or illegal conduct.

3

9. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO arrived on the scene and assisted DEFENDANT OFFICERS DELANEY, CERDA and CORONA handcuff and illegally strip search the Plaintiff by pulling down his pants down while he was on the ground.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago, admit that Defendant Officers Kushiner, Johnson, Zambrano, and Cerda arrived on scene to assist. Defendant Officers and, on information and belief, the City of Chicago, further admit that Plaintiff was handcuffed. Defendant Officers and, on information and belief, the City of Chicago deny that Defendant Officer Cerda was originally on the scene with Defendant Officers Delaney and Corona and further deny that Defendant Officers Kushiner and Johnson participated in the arrest. Defendant Officers and, on information and belief, the City of Chicago, deny the remaining allegations contained in paragraph nine, and deny any wrongful or illegal conduct.

10. Once Plaintiff was handcuffed and his pants were pulled down, DEFENDANT CERDA tasered Plaintiff in his buttocks, while laughing and joking with the other DEFENDANT OFFICERS.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago, admit that Plaintiff was tasered in the buttocks. Defendant Officers and, on information and belief, the City of Chicago deny the remaining allegations in paragraph ten, and deny any wrongful or illegal conduct.

11. On information and belief, DEFENDANT CERDA pushed down on the taser barb in Plaintiff's buttocks with his boot while the Plaintiff was handcuffed on the ground.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph eleven.

12. Plaintiff was transported from the scene via ambulance to Norwegian Hospital in order to remove the taser barb that Defendant CERDA shot and pushed down into the Plaintiffs buttock.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago admit that Plaintiff was transported to Norwegian Hospital to remove a taser barb but deny the remaining allegations of paragraph twelve.

13. In an effort to conceal the misconduct described above, DEFENDANTS DELANEY, CORONA and CERDA wrote false police reports and charged Plaintiff with false criminal acts.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations of paragraph thirteen, and deny any misconduct.

14. On or about January 4, 2012, the Plaintiff was found not guilty of all the felony offenses initiated by the DEFENDANT OFFICERS.

**ANSWER**: On information and belief, Defendants admit Plaintiff was found not guilty of the felony charges brought against him as a result of this incident. On information and belief, Defendants deny that Plaintiff was found not guilty of all charges and further deny that Plaintiff was innocent.

<u>**COUNT I**</u>
**(BATTERY)**

15. Plaintiff re-alleges and incorporates paragraphs 1-14 above as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

16. DEFENDANT OFFICERS CERDA, DELANEY and CORONA caused physical injuries to the Plaintiff without any provocation or lawful justification and thereby committed a battery on the Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago admit that Plaintiff was injured but deny the remaining allegations of paragraph sixteen.

17. The unlawful conduct of the DEFENDANT OFFICERS was willful and wanton and proximately caused great bodily harm and psychological injuries to the Plaintiff.

5

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations of paragraph seventeen, and further deny that the Defendant Officers engaged in any unlawful conduct.

## COUNT II
### (EXCESSIVE FORCE)

18. The acts of the DEFENDANT OFFICERS CERDA, DELANEY and CORONA on April 11, 2011, were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph eighteen.

19. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS CERDA, DELANEY and CORONA and failure to intervene by DEFENDANTS KUSHINER, JOHNSON and ZAMBRANO, the Plaintiff suffered physical and emotional injuries and other damages in violation of 42 U.S.C. 1983.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph nineteen and further deny that any force used was unreasonable or unjustifiable.

## COUNT III
### (42 U.S.C. § 1983: FALSE ARREST/UNLAWFUL DETENTION)

20. Plaintiff realleges and incorporates paragraphs 1-14 as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

21. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-one.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-two, and deny any misconduct.

23. As a result of the above-described wrongful infringement of Plaintiffs rights, Plaintiff suffered damages, including but not limited to mental distress and anguish.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-three, and deny that Defendants caused any wrongful infringement of Plaintiff's rights.

## COUNT IV
## (MALICIOUS PROSECUTION)

24. Plaintiff realleges and incorporates paragraphs 1-14 above as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

25. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago admit that Plaintiff was subjected to judicial proceedings. Defendant Officers and, on information and belief, the City of Chicago deny the remaining allegations contained in paragraph twenty-five.

26. DEFENDANT OFFICERS DELANEY, CORONA and CERDA accused Plaintiff of felony criminal acts knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-six.

27. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-seven.

28. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-eight, and deny any misconduct.

29. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph twenty-nine, and further deny that any Defendants caused a wrongful infringement of Plaintiff's rights.

30. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago admit that the Defendant Officers were working within the scope of their employment at all times relevant to this complaint. Defendant Officers and, on information and belief, the City of Chicago deny the remaining allegations contained in paragraph thirty, and deny any misconduct.

<u>**COUNT V**</u>
**(SECTION 1983 CONSPIRACY CLAIM)**

31. Plaintiff realleges and incorporates paragraphs 1-14 above as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

32. The DEFENDANT OFFICERS conspired to falsely charge the Plaintiff with criminal offenses to cover up their own and each others' misconduct. The DEFENDANT OFFICERS took affirmative acts in furtherance of this conspiracy, including falsifying police reports, initiating false criminal complaints and committing perjury in criminal proceedings.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph thirty-two.

33. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph thirty-three.

## COUNT VI
## (FAILURE TO INTERVENE)

34. Plaintiff re-allege and incorporates paragraphs 1 - 14 above as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

35. DEFENDANT OFFICERS KUSHlNER, JOHNSON and ZAMBRANO failed to intervene and prevent injury to Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph thirty-five.

36. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO had a realistic opportunity to prevent or limit the harm to Plaintiff and failed to take reasonable steps to prevent the harm from occurring to the Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph thirty-six.

37. DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO'S failure to take reasonable steps to prevent harm from occurring to the Plaintiff caused the Plaintiff harm, including, but not limited to, physical pain and suffering and mental stress and anguish.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph thirty-seven.

38. The conduct described in this Count was undertaken by the DEFENDANT OFFICERS KUSHINER, JOHNSON and ZAMBRANO under the color of law and within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago admit that Officers Kushiner, Johnson, and Zambrano were working under color of law and within the scope of their employment at all times relevant to this complaint. Defendant Officers and, on information and belief, the City of Chicago deny the remaining allegations contained in paragraph thirty-eight.

## COUNT VII
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. Plaintiff realleges and incorporates paragraphs 1-14 above as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

40. The acts and conduct of CHICAGO POLICE OFFICER JORGE CERDA, STAR NO. 10607; CHICAGO POLICE OFFICER RYAN DELANEY, STAR NO. 4024; CHICAGO POLICE OFFICER SERGIO CORONA, STAR NO. 3331, as set forth above were extreme and outrageous. DEFENDANTS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph forty.

41. DEFENDANTS' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph forty-one.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago deny the allegations contained in paragraph forty-two, and further deny any misconduct.

## COUNT VIII
### (STATE LAW CLAIM: INDEMNIFICATION)

43. Plaintiff realleges and incorporates paragraphs 1-14 above as fully stated herein.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1-14.

44. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER**: Defendants admit that, to the extent provided by Illinois law, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: Defendant Officers and, on information and belief, the City of Chicago admit that Defendant Officers are employees of the City of Chicago and acted within the scope of their employment at all times relevant to this complaint. Defendant Officers and, on information and belief, the City of Chicago deny that the Defendant Officers engaged in misconduct.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was

11

a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2011).

     3.     Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any state law claim alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2011).

     4.     Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2011).

     5.     Under Illinois Tort Immunity Act, Defendant Officers are not liable for injury allegedly caused by the institution or prosecution of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2011).

     6.     Defendant Officers are absolutely immune for testimony they may have given in Plaintiff's underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

     7.     Defendant City of Chicago is not liable to Plaintiff for any state law claim for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (West 2011).

     8.     Defendant City of Chicago is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

9. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

10. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause. At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (West 2006) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

11. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

12. The Defendant Officers' use of force was reasonable and justifiable under the circumstances. A peace officer is justified in the use of any force which he reasonably believes to be necessary to effect arrest and of any force which he reasonably believes to be necessary defend himself or another from bodily harm while making the arrest. 720 ILCS 5/7-5 (West 2011).

## JURY DEMAND

Defendants hereby demand a jury trial for all issues so triable.

**WHEREFORE**, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiff, including for costs for defending this suit, and enter any other relief that this Court deems just and proper.

**DATED**: July 9, 2012

                 Respectfully submitted,

          **BY:** <u>/s/Marion C. Moore</u>
              Marion C. Moore
              Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
ATTY. NO. 6302566

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMIL C. GRAYER, ) | |
| ) | Case No. 12 C 2665 |
| Plaintiff, ) | |
| ) | JUDGE MAROVICH |
| vs ) | |
| ) | Magistrate Judge Brown |
| CHICAGO POLICE OFFICER JORGE CERDA, ) | |
| STAR No. 10607; CHICAGO POLICE OFFICER ) | |
| RYAN DELANEY, Star No. 4024; CHICAGO ) | |
| POLICE OFFICER SERGIO CORONA, Star No. ) | **JURY DEMAND** |
| 3331; CHICAGO POLICE OFFICER M. ) | |
| KUSHINER, Star No. 15895, CHICAGO POLICE ) | |
| OFFICER W. JOHNSON, Star No. 17443; ) | |
| CHICAGO POLICE OFFICER JAVIER ) | |
| ZAMBRANO, Star No. 5475, individually and as ) | |
| employees/Agents of the CITY OF CHICAGO, a ) | |
| municipal Corporation and THE CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    Jeffrey J. Neslund
         Law Offices of Jeffrey J. Neslund
         150 North Wacker Drive - Suite 2460
         Chicago, Illinois 60606

      **PLEASE TAKE NOTICE** that on this 9th day of July 2012, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS CERDA, DELANEY, CORONA, JOHNSON, ZAMBRANO, AND THE CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

      I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 9TH day of JULY 2012.

      **DATED**: July 9, 2012

                                             Respectfully submitted,

**BY:**    <u>/s/Marion C. Moore</u>
             Marion C. Moore
             Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-8364
(312) 744-6566 (FAX)
ATTY. NO. 6302566