UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIL C. GRAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 C 2665 |
| v. | ) |
| | ) Judge George M. Marovich |
| | ) |
| JORGE CERDA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

After accepting an offer of judgment from defendants, plaintiff filed a motion for fees and

costs. The Magistrate Judge issued a report and recommendation, to which plaintiff has filed

objections. For the reasons set forth below, the Court sustains in part and overrules in part

plaintiff's objections.

## I.     Standard of review

When a magistrate judge has issued a report and recommendation, "[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly

objected to. The district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."

Fed.R.Civ.P. 72(b)(3).

## II.    Background

Plaintiff Jamil Grayer ("Grayer") filed this § 1983 suit, claiming, among other things, that

defendants subjected him to excessive force. On July 31, 2013, after nearly a year of discovery

and with roughly seven weeks remaining in the discovery period, defendants made an offer of

judgment to plaintiff. Defendants offered $35,001.00 plus fees and costs. By August 9, 2013, plaintiff's counsel telephoned defense counsel to inform him that plaintiff was planning to accept the offer and to ask for an extension of time. Plaintiff's counsel stated that he would not request fees or costs after August 8, 2013. Defense counsel agreed to the extension of time, and plaintiff eventually accepted the offer of judgment.

Plaintiff filed a motion for fees and costs, and the Court referred the motion to the Magistrate Judge for a report and recommendation. The Magistrate Judge issued her report and recommendation on October 6, 2014. The Magistrate Judge recommends that the Court award costs in the amount of $1,529.95 and attorneys' fees in the amount of $124,738.75, which is less than the amounts requested by plaintiff. She recommends that the Court approve 156.95 hours she believes were reasonably expended by attorney Jeffrey Neslund ("Neslund") and that he be compensated at a rate of $425 per hour. With respect to attorney Michael Robbins ("Robbins"), the Magistrate Judge recommends that the Court approve 119.8 hours at a rate of $450 per hour. The attorneys were assisted by law clerk Courtney Smallwood ("Smallwood"), and the Magistrate Judge recommends approving 41.25 of Smallwood's hours at a rate of $100 per hour.

The number of hours the Magistrate Judge recommends compensating these attorneys for is lower than the number originally requested. The Magistrate Judge reduced the hours to the number she deems reasonable. For example, the Magistrate Judge deemed it unreasonable for plaintiff's counsel: (1) to use attorneys to perform clerical tasks; (2) to have two attorneys bill for the same task; and (3) to have continued to work on the case after August 6, 2013, the date on which the attorneys discussed the offer of judgment with their client.

Plaintiff timely filed objections to the Magistrate Judge's report and recommendation, and those objections are now fully briefed. Defendants did not file any objections. Plaintiff does not object to the rates the Magistrate Judge recommends, but plaintiff objects to some of the reductions the Magistrate Judge recommends to the number of hours for which plaintiff's attorneys should be compensated.

## III. Discussion

Section 1988 provides that in "any action . . . to enforce a provision of sections . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Generally, this means "computing a 'loadstar': the product of the hours reasonably expended by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The goal is "rough justice" not "auditing perfection." *Montanez*, 755 F.3d at 555 (quoting *Fox v. Vice*, __ U.S. __, 131 S.Ct. 2205, 2216 (2011)).

The first part of the calculation is the hourly rate. The Magistrate Judge recommended $450 per hour for attorney Robbins, $425 per hour for attorney Neslund and $100 per hour for law clerk Smallwood. No party has objected to these recommended rates, so the Court adopts them.

Plaintiff, however, objects to certain reductions the Magistrate Judge recommends to the number of hours his attorneys billed.

### A. Two attorneys for the same task

First, plaintiff objects to the Magistrate Judge's recommendation that the Court not award fees where two attorneys performed the same task. Plaintiff argues that it is not *necessarily*

unreasonable for two attorneys to perform the same work. The Court agrees. It may, on occasion, be reasonable for two attorneys for the same party to, say, participate in the same deposition or attend the same court hearing. Generally, though, only one lawyer is reasonable. Only occasionally do paying clients pay for more than one lawyer to perform a task (and if another attends for training purposes, the second attorney does not bill for the time). One cannot bill his adversary for time for which a paying client would not agree to pay. *Gibson v. City of Chi.*, 873 F. Supp.2d 975, 989 (N.D. Ill. 2012) ("duplicative time that could not be reasonably billed to a client also cannot be billed to an adversary through a fee-shifting statute").

The question is whether plaintiff has shown that it was reasonable to have two attorneys perform the same tasks in this case. With respect to attorney Neslund, the Magistrate Judge recommended that six hours he billed on July 30, 2013 (to attend the deposition of defendant Cerda and to review particular documents) be excluded as unreasonable, because attorney Robbins took the deposition and because Neslund had reviewed the particular documents multiple times before. Plaintiff seems to be arguing that what made it reasonable to have two attorneys present at this particular deposition was that the deponent was someone against whom "plaintiff's counsel" had already had a suit. Plaintiff does not say which of the attorneys had previously sued this witness, but that fact does not justify having a second attorney along for the deposition. If prior experience with the witness were relevant, the attorney with the prior experience should have taken the deposition. Plaintiff also seems to argue that a second attorney was needed due to the fact that the deponent was important to the case. All deponents, however, are important; otherwise, their depositions would not be taken. Plaintiff has not shown that

having a second attorney present at the deposition was reasonable, so the Court agrees with the Magistrate Judge's recommendation that such time be excluded. The objection is overruled.

The Magistrate Judge also recommends excluding 10.2 hours of attorney Robbins's time, because he billed for tasks for which another attorney had also billed. Although plaintiff objects, he does not say why it was reasonable for Robbins to perform these tasks that another attorney had already performed. Accordingly, the objection is overruled.

**B.     Reduction of excessive time billed to discovery/document review**

The Magistrate Judge concluded that plaintiff's counsel spent too many hours reviewing documents and other discovery materials. The Magistrate Judge carefully reviewed the time records and, where appropriate, excluded some of the billed time as excessive. Ultimately, she recommended excluding 31 hours of Neslund's time and 15.75 hours of Robbins's time. The Court has reviewed the time entries and agrees with the Magistrate Judge that plaintiff's attorneys spent more than a reasonable amount of time on those tasks.

Plaintiff's attorneys do not provide a reason (such as that the record was voluminous) for spending the quantity of time they did. Instead, plaintiff objects to these exclusions on the grounds that defense counsel failed to comply with certain obligations under Local Rule 54.3. Local Rule 54.3 is the local rule that orders parties to "confer and attempt in good faith to agree" on the amount of taxable fees and costs before a prevailing party files his motion for fees and costs. L.R. 54.3(d). Local Rule 54.3 sets out a schedule, pursuant to which "parties shall, *upon request*, provide" certain information about the fees they incurred in the case. L.R.54.3(d) (emphasis added). Plaintiff argues that plaintiff's fees should not be reduced, because the defendants failed to supply information about their attorneys' fees. Plaintiff's attorneys do not

say whether they actually requested the information or why they did not file a motion under Local Rule 54.3(g) to obtain it. In any case, §1988 says the Court may award *reasonable* attorneys fees as part of costs; it does not say the Court can award extra fees for time that was not reasonably expended in order to punish a party for its failure to comply with a local rule.

Plaintiff does not bother to argue that the disputed hours were reasonably spent. Thus, the Court overrules the objection.

### C.    Hours spent after the offer of judgment

The Magistrate Judge recommends excluding all time billed after August 6, 2013. The Magistrate Judge's theory is that the plaintiff must have accepted the offer of judgment on August 6, 2013, because, according to plaintiff's attorneys' time records, August 6 was the last time plaintiff's attorneys spoke to their client before accepting the offer of judgment. The Magistrate Judge concluded that any time spent after plaintiff agreed to accept the offer of judgment was not reasonably expended.

Plaintiff objects and argues that the Magistrate Judge's conclusion was a mistake. Plaintiff's attorneys point out that the reason their time records do not reflect a conversation with their client after August 6 is that they submitted time records only through August 8, 2013, in accordance with their concession to defendants that they would not seek compensation for hours spent after August 8, 2013. The Court will take plaintiff's attorneys at their word.

The real question, though, is whether any of the hours spent after the offer of judgment was extended were reasonable. Generally, it is not reasonable to continue spending time on discovery when an offer of judgment is on the table. This Court does not like to see money wasted, even when it is not his own. Here, plaintiff's attorneys do not say why it was reasonable

to continue handling discovery matters in this case after the offer of judgment was made, instead of postponing further discovery until after plaintiff made a decision. Given that seven weeks remained in the discovery period, the Court concludes that the time spent on August 7 and 8 was not reasonably expended, with one exception. Attorney Neslund spent three hours preparing for and taking the depositions of two defendant officers. Given the brevity of those depositions and the difficulty of rescheduling, the Court concludes that it was reasonable to take those previously-scheduled depositions. The Court sustains plaintiff's objection as to those three hours and overrules it with respect to the other hours.

## III. **Conclusion**

For the reasons set forth above, the Court sustains in part and overrules in part plaintiff's objections [70]. The Court adopts the portions of Magistrate Judge Brown's October 6, 2014 report and recommendation [69] that are consistent with this opinion. The Court awards plaintiff costs in the amount of $1,529.95 and fees in the amount of $126,013.75.

ENTER:

George M. Marovich
United States District Judge

DATED: November 21, 2014

-7-